UNITED STATES DISTRIC COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| COMCAST CLAIMANTS,<br><br> *Appellants,*<br><br>   v.<br><br>HOUSTON REGIONAL SPORTS<br>NETWORK, L.P., *et al.*,<br><br> *Appellees.* | Case No. 4:14-cv-03133 |
| In re:<br><br>HOUSTON REGIONAL SPORTS<br>NETWORK, L.P.,<br><br> *Reorganized Debtor.* | Chapter 11<br><br>Case No. 13-35998 |

**STATEMENT OF REORGANIZED DEBTOR IN SUPPORT OF
BRIEF OF APPELLEES ROCKET BALL LTD. AND HOUSTON ASTROS, LLC**

Houston Regional Sports Network, L.P., as Reorganized Debtor ("**Reorganized Debtor**"), files this statement in support of the Brief of Appellees Rocket Ball Ltd. and Houston Astros, LLC (Docket No. 31) (the "**Appellees' Brief**").[1]

1. On October 30, 2014, the bankruptcy court confirmed the Debtor's Third Amended Plan of Reorganization (Bankr. Doc. 772) (the "**Plan**"). The effective date of the Plan occurred on November 17, 2014. In general terms, the Plan is premised on a reorganization of the Debtor pursuant to which AT&T and DirecTV are investing $50 million and entered into new affiliation agreements with the Network. In return, AT&T and DirecTV received the

---

[1] Capitalized terms used but not defined herein shall the meanings ascribed to such terms in the Appellees' Brief.

Network (and its assets) free and clear of all liens, claims, and encumbrances, except with respect to a Comcast lien—with a duration of no more than 120 days—on the furniture, fixtures, and equipment.[2]

2.   The Reorganized Debtor fully supports and adopts each of the arguments in the Appellees' Brief as if fully set forth in this statement and requests that the confirmation order be affirmed.  The Reorganized Debtor's statement is limited to Comcast's inappropriate request to have this Court impose a lien on assets already transferred to the Reorganized Debtor free and clear of any lien, claim, or encumbrance; a request which would upend the foundation of the Plan.

3.   The Reorganized Debtor respectfully submits that Comcast's request should be rejected as untimely, procedurally improper and, as it relates to the request for the imposition of a lien, equitably moot.

## STATEMENT

4.   The Reorganized Debtor believes that Comcast is not entitled to any portion of the $73.8 million it seeks in connection with this appeal.  To the extent this Court finds otherwise, Section 4.1(b) of the Plan requires the Teams to make an immediate lump-sum cash payment to Comcast to satisfy any amounts awarded.[3]  For reasons known only to Comcast, Comcast wants this Court to amend the Plan to permit payments over a five-year period with a six percent interest rate and impose a lien on the Reorganized Debtor.  Comcast, however, failed to inform this Court that it never made such a request to amend the plan to the bankruptcy court. The Reorganized Debtor submits, therefore, Comcast's request is untimely and it would be

---

[2]   *See* Plan § 7.7.

[3]   The Plan provides for a cash payment for the "Comcast Lender Residual Collateral," which is comprised of, inter alia, the Comcast affiliation agreement. Plan, Ex. A at A-4.  The remaining portions of Comcast's secured claim will be satisfied by the sale process described in Section 7.7 of the Plan.

procedurally improper for this Court to address Plan-related matters on appeal that were never addressed by the bankruptcy court in the first instance.[4] Indeed, such relief would require this Court to potentially rewrite portions of the Plan, including the treatment of Comcast's secured claim, which is not appropriate for an appellate court.

5. Comcast's requested relief, as it relates to the imposition of a lien, is also equitably moot. The Plan is premised on the sale of the Network and its assets to DirecTV and AT&T free and clear of all liens, claims, and encumbrances. Indeed, Section 7.8 of the Plan provides, in relevant part:

> Upon the occurrence of the Effective Date, *except* as otherwise expressly provided in the Plan, title to all of the Assets of the Debtor shall vest in the Reorganized Debtor free and clear of all Liens, Claims, interests, security interests and other encumbrances and . . . after the occurrence of the Effective Date, the Reorganized Debtor may operate its business and may use, acquire and dispose of its Assets free of any restrictions of the Bankruptcy Code.

Plan § 7.8.

6. The bankruptcy court expressly found that a free and clear sale was a vital part of the Plan AT&T and DirecTV negotiated and relied upon in good faith.[5] Such a free and clear sale of the Network and its assets was important to AT&T and DirecTV who, as buyers, are infusing at least $50 million into the reorganized Network to, among other things, stabilize the business, pay post-effective date obligations, and restore the Network to profitability. Plainly stated, without a free and clear sale to AT&T and DirecTV, there would be no reorganization of

---

[4] *See Gilchrist v. Westcott*, 891 F.2d 559, 561 (5th Cir. 1990) (explaining that the district court correctly refused to consider an argument that was not previously raised before the bankruptcy court and stating that "[i]t is well established that we do not consider arguments or claims not presented to the bankruptcy court.") (citing *Moody v. Empire Life Ins. Co. (In re Moody)*, 849 F.2d 902, 905 (5th Cir. 1988), *cert. denied*, 488 U.S. 967 (1988)).

[5] *See, e.g.,* 10/31 Tr. at 91 ("AT&T and DirecTV wanted to buy an entity . . . without an economic hangover from the bankruptcy" . . . "the plan proponents could only obtain a purchase agreement from AT&T and DirecTV if there wasn't a hangover."). *See also* Findings of Fact, Conclusions of Law, and Order Confirming the Third Amended Chapter 11 Plan of Reorganization Dated October 29, 2014 In Respect of Houston Regional Sports Network, L.P. (Bankr. Doc. 782) at 12.

the Network, and the Debtor would be liquidating rather than emerging as a reorganized debtor.[6] To achieve this important objective, Section 4.1(b) of the Plan requires Comcast receive on account of its lien on the Comcast affiliation agreement, if it receives anything at all, a lump-sum cash payment, and does not permit extended payment plans. Thus, even if the Court finds Comcast is entitled to a $70+ million secured claim and is also entitled to make an 1111(b) election, there would still be no lien on the Network or its assets because the Plan obligates the Teams to pay Comcast immediately in a single lump-sum cash payment.

7. Despite Comcast's statements to this Court that it has no intention of trying to block the Plan from going forward or obstructing the reorganization of the Network, Comcast knows permitting a lien on the assets over a multi-year period eradicates this quintessential feature of the Plan. Granting the relief Comcast requested would upend the foundation of the Plan and should be dismissed as equitably moot.

8. In the Fifth Circuit, an appeal may be denied on equitable mootness grounds if a plan has been substantially consummated and the relief requested would adversely affect the rights of third parties who are not before the court or the success of the plan.[7] The Plan was substantially consummated on November 17, 2014; the effective date. Moreover, in this case, the success of the Plan would certainly be put at risk if the Comcast affiliation agreement remains subject to Comcast's lien for several years. At a minimum, the existence of such a lien could inhibit the reorganized Network's ability to obtain favorable financing in the future and other harmful consequences that would never occur under the current confirmed Plan.

---

[6] *See* 10/31 Tr. at 101 ("Without the plan, from the context of this case, there is a virtual certainty that I would liquidate the case . . .;" and 107 ("[W]ithout the active participation of AT&T and DirecTV, there would be no plan. And it is their good faith, along with that of the Astros and the Rockets that have allowed a plan to come about.").

[7] *In re Manges*, 29 F.3d 1034, 1039 (5th Cir. 1994).

9. When considering whether an appeal is equitably moot, the Fifth Circuit "attempts to 'strike the proper balance between the equitable considerations of finality and good faith reliance on a judgment and competing interests that underlie the right of a party to seek review of a bankruptcy order adversely affecting him.'"[8] In this case, the proper balance is clear. Comcast told this Court its issues related only to the payment of money. The Proponents therefore agreed to refrain from raising the doctrine of equitable mootness and objecting to an appeal in which "the only issues on appeal before the Court are valuation of Comcast's carriage agreement as collateral and whether Comcast's 1111(b) election was properly rejected by the bankruptcy court."[9] There was, however, no agreement to refrain from objecting to an appeal where the requested relief included a multi-year lien on assets the Plan expressly conveys to the reorganized Network free and clear of all liens. Such a result would knock out the foundation of the Plan, be inequitable, and destroy the good faith expectations of the owners of the reorganized Network. As a result, the Reorganized Debtor respectfully submits that Comcast's appeal is equitably moot the extent it seeks such relief.

---

[8] *In re Pac. Lumber Co.*, 584 F.3d 229, 240 (5th Cir. 2009) (quoting *In re Manges*, 29 F.3d at 1039).
[9] 11/6 Tr. at 4:16-19.

**CONCLUSION**

10. Accordingly, for the foregoing reasons, the confirmation order should be affirmed in its entirety.

Dated: November 19, 2014
       Houston, Texas

The Reorganized Debtor by and through:

/s/ Alfredo R. Pérez
Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Email: alfredo.perez@weil.com

*Counsel for DIRECTV, LLC and DIRECTV Sports Networks, LLC*

-and-

William R. Greendyke
FULBRIGHT & JAWORSKI LLP
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151
Email: william.greendyke@nortonrosefulbright.com

OF COUNSEL

David A. Rosenzweig
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 318-3000
Email: david.rosenzweig@nortonrosefulbright.com

*Counsel for AT&T Teleholdings, Inc. and its affiliates*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via CM/ECF and/or mail to all parties entitled to receive notice in this case on this 19th day of November, 2014.

                                                /s/ Alfredo R. Pérez